IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-HC-2049-BO

| | |
|---|---|
| JONTAVEIS JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN, FCI BUTNER MEDIUM II, ) | |
| ) | |
| Respondent. ) | |

On March 10, 2022, Jontaveis Johnson ("Johnson" or "petitioner"), a federal inmate proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. The matter is before the court on respondent's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) [D.E. 6]. The motion was fully briefed, and the issues raised are ripe for decision. As explained below, the court grants respondent's motion.

## BACKGROUND

On April 16, 2012, in the United States District Court for the Western District of North Carolina, petitioner pleaded guilty to two counts of possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). See United States v. Johnson, No. 3:12-cr-00009-MOC-1, [D.E. 30] (W.D.N.C. Apr. 16, 2012). On March 18, 2013, petitioner was sentenced to 188 months' imprisonment on each count, to run concurrently. See Johnson, No. 3:12-cr-00009-MOC-1, [D.E. 59].

On April 26, 2016, petitioner moved to vacate his sentence under 28 U.S.C. § 2255, challenging his career offender designation in light of Johnson v. United States, 135 S. Ct. 2551 (2015). See Johnson v. United States, 3:16-cv-00191-MOC, [D.E. 1] (W.D.N.C. Apr. 26, 2016).

On March 27, 2017, petitioner filed a notice of voluntary dismissal of his section 2255 motion. See Johnson, 3:16-cv-00191-MOC, [D.E. 8].

In his section 2241 petition, petitioner alleges that in light of Mathis v. United States, 136 S. Ct. 2243 (2016), he was improperly sentenced as a career offender under 28 U.S.C. § 994(h) which created U.S.S.G. § 4B1.1(a). See Pet. [D.E. 1] 3. Specifically, petitioner alleges that in light of Mathis, his prior South Carolina conviction for second degree burglary is no longer a crime of violence and cannot be used to enhance his sentence as a career offender. See Mem. Supp. Pet. [D.E. 1-1] 1–15. Petitioner also alleges that because the career offender enhancement was the result of a congressional directive, it is not advisory. See id. at 14–15. Petitioner requests that the court "[v]acate the enhanced sentences under Section 994(h) and Section 4B1.1 and re-impose the sentences on Counts 4 and 6 of the Indictment without the career offender sentence." Pet. at 4.

## DISCUSSION

A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside of the pleadings without converting the motion into one for summary judgment.

2

See Evans, 166 F.3d at 647. A court should grant a motion to dismiss pursuant to Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to [judgment] as a matter of law." Id. (quotation omitted).

The court may not consider a section 2241 motion challenging the legality of petitioner's conviction and sentence unless "the remedy by [section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 "is inadequate and ineffective to test the legality" of a sentence if:

> (1) at the time of sentencing, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first [section] 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of [section] 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert denied, 139 S. Ct. 1318 (2018); see Braswell v. Smith, 952 F.3d 441, 443–44 (4th Cir. 2020); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Section 2255 is "not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a [section] 2255 motion." Vial, 115 F.3d at 1194 n.5. If a section 2241 petition does not fall within the scope of section 2255(e)'s savings clause, the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); see Braswell, 952 F.3d at 447; Wheeler, 886 F.3d at 423.

Petitioner cannot show that, due to a retroactive change, his sentence "now presents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 429. The sentencing court's alleged miscalculation of petitioner's advisory guideline range does not present "a defect of a 'fundamental' nature." United States v. Foote, 784 F.3d 931, 941–43 (4th Cir. 2015); see also

3

Braswell, 952 F.3d at 450; Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018); Wheeler, 886 F.3d at 432 n.9; Phelps v. Andrews, No. 5:18-HC-02132-BO, 2019 WL 6208537, at *3 (E.D.N.C. Nov. 20, 2019) (unpublished); Davis v. Rickard, No. 1:18-cv-01192, 2019 WL 4793389, at *5–7 (S.D. W.Va. June 24, 2019) (unpublished), report and recommendation adopted, 2019 WL 4780814 (S.D. W.Va. Sept. 30, 2019) (unpublished); Mangum v. Hollembaek, No. 5:16-HC-2293-FL, 2018 WL 4113346, at *2 (E.D.N.C. Aug. 28, 2018) (unpublished), aff'd, 774 F. App'x 821 (4th Cir. 2019) (per curiam) (unpublished). As for petitioner's argument that the career offender enhancement is the result of a congressional mandate, "[petitioner's] argument fails to appreciate the advisory nature of every provision of the guidelines. Although Congress directed the Sentencing Commission to create a guideline for career offenders, a district judge cannot treat that guideline as mandatory." Spencer v. United States, 773 F.3d 1132, 1141 (11th Cir. 2014); see also Foote, 784 F.3d at 942–43; Ellis v. Warden, USP Hazelton, No. 5:19cv1, 2019 WL 4180516, at *4 (N.D. W.Va. July 10, 2019) (unpublished), report and recommendation adopted, 2019 WL 4179519 (N.D. W.Va. Sept. 3, 2019) (unpublished). Moreover, Mathis does not entitle petitioner to relief. See Ham v. Breckon, 994 F.3d 682, 695 (4th Cir. 2021); Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018) (per curiam) (unpublished); Muhammad v. Wilson, 715 F. App'x 251, 252 (4th Cir. 2017) (per curiam) (unpublished); Jethrow v. Rich, No. 1:19-00314, 2021 WL 7710466, at *5 (S.D. W.Va. Jan. 6, 2021) (unpublished), report and recommendation adopted, 2022 WL 908510 (S.D. W.Va. Mar. 28, 2022) (unpublished). Thus, the court grants respondent's motion to dismiss.

After reviewing the claims presented in petitioner's habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of petitioner's claim debatable or wrong, and the issue does not deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v.

4

McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

In sum, the court GRANTS respondent's motion to dismiss [D.E. 6], and DISMISSES petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 21 day of March, 2023.

TERRENCE W. BOYLE
United States District Judge